```
               IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
MATTHEW J. SMITH,                 )
                                  )
     Debtor.                      )    Bankruptcy No. 05-05398
------------------------------
HABBO G. FOKKENA, TRUSTEE,        )
                                  )    Adversary No. 06-9071
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
MATTHEW J. SMITH,                 )
                                  )
     Defendant.                   )
```

**ORDER RE: COMPLAINT OBJECTING TO DISCHARGE**

The above-captioned matter came before the undersigned on April 25, 2007.  The U.S. Trustee was represented by Assistant U.S. Trustee Janet Reasoner.  John Titler represented Debtor Matthew J. Smith.  After the presentation of evidence and argument, the Court took the matter under advisement.  The time for filing briefs has now passed and this matter is ready for resolution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

The U.S. Trustee seeks denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(4)(A).  The U.S. Trustee alleges that Debtor (1) concealed property from the estate by omitting assets from his petition and (2) knowingly made a false oath or account when he testified to the accuracy of his petition.

**FINDINGS OF FACT**

In early 2005, Debtor, an experienced realtor in the midst of financial difficulties, contacted James Wiewel of Stately-James Homes to look into purchasing a lot in an upscale housing development.  After discussing terms with the Smiths, Mr. Wiewel met them at their home on March 30, 2005 to execute the resulting agreement.  The contract established a $117,500 purchase price, with a down payment of $12,500 due in installments and $105,000 plus interest due at the time the Smiths took possession.  The

final contract included a variance added before the meeting at Debtor's request, and a handwritten modification to the payment schedule added during the meeting.  Mr. Wiewel accepted $2,500 toward the down payment and signed on behalf of Stately-James as seller, while Debtor and Mrs. Smith signed as buyers.  Mr. Wiewel provided a reference copy of the contract which was not dated and did not include the handwritten alteration to the payment schedule.  Though Mr. Wiewel and Mrs. Smith signed the reference copy, Debtor did not.

On April 5, 2005, less than one week after executing the real estate contract, Debtor directed Attorney Thomas Fiegen to begin preparation of his bankruptcy petition.  In June 2005, Debtor retained Attorney Steven Klesner to complete his filing. Debtor provided Mr. Klesner with Mr. Fiegen's draft of the Chapter 7 petition.  This draft listed Debtor's contract interest as an interest in real property in Schedule A and as an executory contract in Schedule G.  Mr. Klesner noticed Debtor had not signed the reference copy and inquired whether he was a signatory.  Debtor replied, "I guess not."  Mr. Klesner then deleted the contract interest from Schedule A, although he overlooked the reference to the contract in Schedule G.  Thus, Debtor's October 6, 2005 Chapter 7 petition was filed without acknowledging Debtor's interest in the real estate contract.

Schedule B of Debtor's Chapter 7 petition lists a single checking account at the Linn Area Credit Union.  Debtor actually had two checking accounts at that institution, including the personal account listed in his petition.  Debtor failed to list a joint account with Mrs. Smith.  The Smiths withdrew several thousand dollars from their joint account on the day Debtor filed his petition, leaving a balance of $252.46.

Debtor testified that his filing was accurate at the November 14, 2005 meeting of creditors, and denied owning additional bank accounts or being a party to the real estate contract.  Debtor characterized the contract as between Mrs. Smith and Stately-James.  Mr. Klesner first learned that Debtor was a signatory when he procured a fully executed copy from Stately-James in connection with a discovery request from Debtor's opponent in an unrelated suit.  Mr. Klesner appropriately notified the U.S. Trustee.

Mr. Klesner also advised the U.S. Trustee that the contract was in default and valueless.  However, unbeknownst to him, the contract was not in default at that time. Though Debtor's financial problems interfered with his ability to make timely payments, Stately-James accepted partial payments totaling $3,000

in the ninety days preceding Debtor's filing, and more than $6,000 in March 2006. The payments made to Stately-James before Debtor's filing originated from Debtor's unreported joint account, and are not disclosed in Debtor's bankruptcy schedules. At present, the Smiths could take possession of the land described in the contract by paying the $105,000 balance plus accrued interest, in the total amount of about $116,000. Mr. Wiewel has received inquiries regarding the property, and values a similar parcel at $135,000 to $140,000. Debtor testified that his contract interest is valueless, and that he and Mrs. Smith continued to make payments to avoid forfeiting amounts already paid.

The U.S. Trustee objects to discharge on the grounds that Debtor concealed his contract interest and the joint bank account by omitting these items, as well as payments to Stately-James from the joint account, from his Chapter 7 petition and schedules. The U.S. Trustee also alleges that Debtor made a false oath by verifying the accuracy of his schedules in his petition and during the meeting of creditors. Debtor claims he concealed nothing and made no false oath in respect to his contract interest or payments to Stately-James because at all relevant times, he did not remember and could not determine from his reference copy that he was a party to the contract. In the alternative, Debtor argues he provided adequate disclosure by listing the contract on Schedule G, and that his contract interest was worthless and not material. Debtor maintains that his omission of the joint checking account was inadvertent, and not material.

## CONCLUSIONS OF LAW

The U.S. Trustee's objections are governed by 11 U.S.C. § 727, which states in pertinent part:

> (a) The court shall grant the debtor a discharge, unless—
>
> . . .
>
> (2) the debtor, with intent to hinder, delay, or defraud . . . has . . . concealed, or has permitted to be . . . concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition;

3

>> . . .
>
>> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
>>> (A) made a false oath or account.

Because denial of discharge is a "harsh and drastic penalty," § 727 is "strictly construed in favor of the debtor," though its purpose remains to prevent abuse of the bankruptcy process. In re Korte, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001).

**CONCEALMENT**

To deny discharge under § 727(a)(2), the U.S. Trustee must establish by a preponderance of the evidence that "(1) the act complained of was done within one year prior to the date of petition filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction or concealment of the debtor's property; and (4) it was done with an intent to hinder, delay, or defraud either a creditor or an officer of the estate." Korte, 262 B.R. at 472. As Debtor's petition was prepared within the year preceding filing and in accordance with Debtor's wishes, the first and second elements of § 727(a)(2) are satisfied.

Debtor claims he did not intend to hinder, delay, or defraud by failing to disclose his contract interest and payments under the contract because he omitted these items in the mistaken belief he was not a signatory. Assertions of intent need not be accepted as true and "actual intent may be inferred from the facts and circumstances of the debtor's conduct." Korte, 262 B.R. at 473. The circumstances presented here support the finding that Debtor's omissions were calculated.

It was Debtor, and not Mrs. Smith, who first contacted Stately-James and bargained for specific contract terms. It is not plausible that Debtor, at the time of filing, did not remember signing a six-figure real estate contract in his own home less than six months earlier. Debtor should not have formed the belief that the contract was between Mrs. Smith and Stately-James based simply on the absence of his signature in his reference copy. The blank fields for a date and a second buyer's signature dispel any belief the copy is complete.

It is the conclusion of this Court that Debtor knew that he was a signatory on this contract and his failure to list it as an asset was intentional. The foreseeable effect of Debtor's

4

intentional omissions was to keep his contract interest from being included in his bankruptcy estate for the benefit of his creditors. These facts compel a finding that Debtor omitted the contract from his schedules with the intent to hinder, delay, or defraud.

Debtor's claim that he omitted the joint bank account by mistake is likewise unconvincing. Debtor's failure to disclose a checking account, as well as the payment history that would have led to the discovery of Debtor's undisclosed interest in the real estate contract, is simply too convenient to be accidental. This Court must conclude that Debtor omitted this account with the intent to hinder, delay, or defraud.

Debtor contends he did not conceal his interest in the real estate contract because he listed the contract in Schedule G. A creditor's ability to locate concealed information elsewhere will not prevent a finding of concealment. See McCormick v. Sec. State Bank, 822 F.2d 806, 808 (8th Cir. 1987) (debtor's failure to apprise creditor of a home purchase is concealment even though the purchase is a matter of public record). Schedules must be completed properly, and not in a way that requires the Court to "dig[] out and conduct[] independent examinations to get the facts." Mertz v. Rott, 955 F.2d 596, 598 (8th Cir. 1992).

Debtor's disclosure of the contract by way of a drafting error in Schedule G cannot excuse his intentional omission of the contract interest from Schedule A. This omission, coupled with omissions of the joint account and three payments made under the contract, was accomplished for the purpose of concealing Debtor's interest in the real estate contract from creditors. This Court must ultimately conclude that the U.S. Trustee has established by a preponderance of the evidence that Debtor concealed this interest and the joint bank account within the meaning of § 727(a)(2).

**FALSE OATH**

To establish false oath under § 727(a)(4)(A), the U.S. Trustee must prove by a preponderance of the evidence that: "(1) Debtor made a statement under oath; (2) that statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent; and (5) the statement related materially to Debtor's bankruptcy case." In re Juehring, 332 B.R. 587, 591 (Bankr. N.D. Iowa 2005). A debtor's statements in his bankruptcy petition and during the meeting of creditors are made under oath. Korte, 262 B.R. at 474. As Debtor does not contest that his filing was incomplete, or that he made certain

5

misstatements during the meeting of creditors about the real estate contract, the joint account, and the overall accuracy of his petition, the first and second elements of § 727(a)(4)(A) are met.

Debtor claims his misstatements were not false oaths because he did not make them with knowledge of falsity, or with intent to commit fraud. The U.S. Trustee can establish fraudulent intent through circumstantial evidence, and "statements made with reckless indifference to the truth are regarded as intentionally false." Korte, 262 B.R. at 474. The same circumstantial evidence this Court accepts as proof of Debtor's intent to conceal his contract interest and joint checking account also establishes that his statements under oath were made with knowledge of falsity and intent to defraud. The U.S. Trustee has established that Debtor's testimony as to the accuracy of his filing was made with knowledge of falsity and fraudulent intent.

Debtor contests the materiality of his misstatements about the contract interest and bank account by downplaying the value of these assets. The record does not support Debtor's claim that these items were essentially valueless. Evidence in the record supports a finding that the land is now worth as much as $140,000. Even so, materiality embraces more than value. "The subject matter of a false oath is material . . . if it bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." In re Sears, 246 B.R. 341, 347 (B.A.P 8th Cir. 2000). Under this definition of materiality, a fraudulent and knowing omission of even a relatively modest asset is material. Id. In fact, omission of an asset with no practical value to creditors will be deemed material if it relates to the estate. Mertz, 955 F.2d at 598 (omission of an exempt asset is material); In re Tripp, 224 B.R. 95, 100 (Bankr. N.D. Iowa 1998) (omission of marijuana is material).

Debtor's intentional omission of a contract interest that all parties agree should have been part of his bankruptcy estate is material, notwithstanding the interest's uncertain value. Moreover, Debtor's insistence that he continued to make payments on a worthless contract to avoid forfeiting payments already made is not credible. Debtor's intentional omission of the joint checking account is likewise material despite the account's nominal balance because account statements would have alerted the U.S. Trustee that Debtor was diverting thousands of dollars from creditors to maintain an undisclosed contract interest. The U.S.

Trustee has established all elements of § 727(a)(4)(A), including materiality.

### CONCLUSION

The U.S. Trustee has established by a preponderance of evidence that Debtor concealed his interest in the real estate contract and joint bank account, as well as contract payments, by omitting these items from his bankruptcy petition and schedules. Debtor knowingly made a false oath by testifying to the accuracy of his petition. The bankruptcy process requires complete disclosure. A debtor who violates this precept forfeits his opportunity to discharge his debt.

**WHEREFORE**, the U.S. Trustee's Complaint Objecting to Discharge is GRANTED.

**FURTHER**, the U.S. Trustee has proven all elements of 11 U.S.C. § 727(a)(2) and (a)(4)(A) by a preponderance of the evidence.

**FURTHER**, Debtor Matthew J. Smith's discharge is DENIED.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered: June 12, 2007

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE