IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                           )
                                 )    Chapter 7
MATTHEW J. SMITH,                )
                                 )
     Debtor.                     )    Bankruptcy No. 05-05398
-------------------------------
HABBO G. FOKKENA, TRUSTEE,       )
                                 )    Adversary No. 06-9071
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
MATTHEW J. SMITH,                )
                                 )
     Defendant.                  )
```

**ORDER RE: MOTION TO AMEND AND ENLARGE
FINDINGS AND AMEND JUDGMENT**

This Motion came on for hearing on August 16, 2007. The U.S. Trustee was represented by Assistant U.S. Trustee Janet Reasoner. Attorney John Titler represented Debtor Matthew J. Smith. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

On June 12, 2007, the Court granted the U.S. Trustee the relief requested in the Complaint herein and ordered that Debtor's discharge be denied. The Court concluded the U.S. Trustee had proved all elements of 11 U.S.C. § 727(a)(2) and (a)(4)(A). It stated:

> The U.S. Trustee has established by a preponderance of evidence that Debtor concealed his interest in the real estate contract and joint bank account, as well as contract payments, by omitting these items from his bankruptcy petition and schedules. Debtor knowingly made a false oath by testifying to the accuracy of his petition. The bankruptcy process requires complete disclosure. A debtor who violates this precept forfeits his opportunity to discharge his debt.

Order Re: Complaint Objecting to Discharge, Adv. No. 06-9071, at 7 (Bankr. N.D. Iowa June 12, 2007).

Debtor asks the Court to reconsider its ruling. He asserts some of the Court's factual findings are incorrect. In essence, Debtor argues that the record supports his assertion that any omissions in the schedules were inadvertent and immaterial.

## CONCLUSIONS OF LAW

Debtor timely filed a motion to alter or amend the judgment under Federal Rule of Bankruptcy Procedure 9023 which makes Federal Rules of Civil Procedure 59(e) applicable to this proceeding. The limited function of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. DeWit v. Firstar Corp., 904 F.Supp. 1476, 1495 (N.D. Iowa 1995). Rule 59(e) is not intended to allow parties to introduce new evidence that was subject to discovery prior to trial, tender new theories, or raise arguments which could have been offered or raised prior to judgment. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs., 141 F.3d 1284, 1286 (8th Cir. 1998).

The bankruptcy court has broad discretion in determining whether to grant a motion to alter or amend judgment. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).

> A motion made pursuant to Rule 59 affords relief only in extraordinary circumstances. But the rule allows the bankruptcy court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."

In re Crystalin, L.L.C., 293 B.R. 455, 465 (B.A.P. 8th Cir. 2003) (citations omitted).

## ANALYSIS

Debtor asserts that he had a mistaken belief that he was not a party to the real estate contract with Stately-James. Because of that belief, he did not list the real estate contract in Schedule A and mistakenly forgot to delete it from Schedule G, he did not list Stately-James as a creditor, and he did not disclose recent payments to Stately-James on the real estate contract. Debtor argues that the Court's conclusion that he concealed the real estate contract is incorrect because his failure to completely disclose it was based on his belief that he was not a party to it. He further argues that he did not conceal the joint

2

bank account at Linn Area Credit Union, but rather his attorney merely combined account balances in his two accounts at the Credit Union on Schedule B without listing the two separate account numbers.  Debtor also asserts that these inadvertent mistakes in his schedules are not material because neither the joint account nor the real estate had any value for the bankruptcy estate.

Counsel for Debtor has vigorously and effectively argued his client's position.  He has attempted to present his client in the most favorable light possible.  His arguments, however, ignore the Court's conclusion that it does not accept Debtor's assertion that he mistakenly believed he was not a party to the real estate contract.  In the Order, the Court stated:

> It is not plausible that Debtor, at the time of filing, did not remember signing a six-figure real estate contract in his own home less than six months earlier. . . . It is the conclusion of this Court that Debtor knew that he was a signatory on this contract and his failure to list it as an asset was intentional.

Order Re: Complaint Objecting to Discharge, Adv. No. 06-9071, at 4 (Bankr. N.D. Iowa June 12, 2007).  The Court has also already addressed Debtor's argument that the omissions from the schedules are not material in the Order at the bottom of page 6.

The Court has reviewed the allegations of Debtor's Motion to Amend and the record herein.  Most of the items for which Debtor seeks amendments can be construed from the record as supporting the Court's Order of June 12, 2007.  Other items are insufficiently material to the issues to warrant amendment of the Court's findings and conclusions.  For example, paragraph 1 of Debtor's motion objects to the Court's statement regarding when a handwritten modification to the payment schedule was added to the real estate contract.  The Court does not believe the timing of the modification is material to any of the ultimate issues in this case.  In paragraph 2, Debtor argues there is no evidence that Debtor directed Attorney Fiegen to begin preparation of his bankruptcy petition on April 5, 2005.  This is sufficiently supported by mention of bankruptcy in Mr. Fiegen's invoices reproduced in Exhibit 13, and is of slight relevance to the issues herein.  The remaining allegations in Debtor's Motion to Amend can be similarly explained as not material to the ultimate conclusions drawn from the evidence.

In summary, the Court concludes that Debtor's Motion to Amend and Enlarge Findings and Amend Judgment is unavailing.  The

Court's Order of June 12, 2007 is not the result of incorrect legal or factual findings. Rather, the Court made credibility determinations based on Debtor's testimony and the record as a whole. Even if Debtor is correct in asserting the record supports his present assertions, the Court also concludes that the record, likewise, more than supports the Court's conclusions as set out in the Order of June 12, 2007. The Court finds no substantial reason to modify its finding that Debtor's discharge be denied.

**WHEREFORE,** Debtor's Motion to Amend and Enlarge Findings and Amend Judgment is DENIED.

DATED AND ENTERED: August 30. 2007

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE